1  ROBERT A. NAEVE (CA SBN 106095)
   Email: RNaeve@mofo.com
2  STEVEN M. ZADRAVECZ (CA SBN 185676)
   Email: SZadravecz@mofo.com
3  MORRISON & FOERSTER LLP
   19900 MacArthur Boulevard, Suite 1200
4  Irvine, California 94612-2445
   Telephone: 949.251.7500
5  Facsimile: 949.251.0900

6  JAMES E. BODDY, JR. (CA SBN 65244)
   Email: JBoddy@mofo.com
7  KATHRYN M. DAVIS (CA SBN 203454)
   Email: KathrynDavis@mofo.com
8  MORRISON & FOERSTER LLP
   101 Ygnacio Valley Road, Suite 450
9  P.O. Box 8130
   Walnut Creek, California 94596-8130
10 Telephone: 925.295.3300
   Facsimile: 925.946.9912
11
   Attorneys for Defendant
12 AVON PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNETT MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>AVON PRODUCTS, INC., a New York corporation; and Does I through X,<br><br>    Defendants. | Case No.   C06-03425 SBA<br><br>**STIPULATION AND [PROPOSED] ORDER RE CONFIDENTIAL INFORMATION** |

Certain information that has been or may be disclosed in connection with this action may contain proprietary, confidential, private, commercially sensitive, technical, or otherwise non-public information. To protect such information from unauthorized disclosure outside of this action, the parties stipulate as follows:

STIPULATION AND [PROPOSED] ORDER RE CONFIDENTIAL INFORMATION
CASE NO. C06-03425 SBA
wc-124967

1

1. Definitions. As used in this Protective Order:

    (a) The term "Material" means any written, reported, or graphic matter, however stored, produced, or reproduced, including, but not limited to, testimony at depositions upon oral examination or upon written questions, answers to interrogatories, information obtained from the inspection of premises, tangible objects, or documents, answers to requests for admission, and anything that is a "writing" under Federal Rule of Evidence, Rule 1001, and includes information set forth in responses to discovery requests, and deposition testimony, and any Material produced during discovery or otherwise.

    (b) The term "Provides" means the production, delivery, or transfer of any material, voluntarily or involuntarily, regardless of whether it is performed pursuant to a request or subpoena.

    (c) The term "Action" means the case entitled *Arnett Moore v. Avon Products, Inc., a New York corporation; and Does I through X*, United States District Court, Northern District of California, Case No. C06-03425 SBA.

    (d) The term "Confidential Information" means all Materials, items, testimony, or information provided, produced, or conveyed by any party in connection with this Action that constitutes or discloses medical information, financial information, or any other information of a private, confidential, proprietary, commercially sensitive, technical, or competitive nature.

    (e) The term "Defendant" shall mean Avon Product, Inc., and its current and former employees, agents, managers, officers, and directors.

    (f) "Plaintiff" shall mean Arnett Moore, and includes his current and former agents, and anyone else acting at his direction or on his behalf.

2. Designation Of Confidential Material.

    (a) Any party who Provides any Materials or information which contains Confidential Information may designate such Material as confidential at the time of production by stamping or affixing to the Material either of the following legends:

"**Confidential**"

**or**

**"Subject to a Protective Order"**

(b) Information disclosed during depositions may be designated as Confidential Information either on the record at the deposition or within 30 days of the completion of the transcript. Prior to the expiration of this 30-day review period, all information disclosed during a deposition shall constitute Confidential Information, unless otherwise agreed by the parties or ordered by the Court.

3. <u>Designation After Production</u>. Any party may designate as confidential any Material that the party previously produced or disclosed without such designation, within 20 days of production of such Material. Any party may designate Materials as confidential by sending written notice of the designation and copies of the Material marked confidential to all persons in possession of the previously undesignated copies. Any party receiving the notice shall return to the designating party all undesignated copies of the Material, or shall destroy all such copies in their possession. All Material produced by any party will be treated as confidential for the 20-day period after production to permit the party to seek protection for any Material.

4. <u>Challenge To Confidentiality Designation</u>. Any party who disagrees with a designation of confidentiality may, after attempting in good faith to resolve the dispute informally, apply to the Court for a ruling that a document or information is not entitled to such status and protection.

5. <u>Confidentiality Of Designated Material</u>. Material designated as confidential shall not be used for any purpose other than the prosecution or defense of this Action. Confidential Information shall only be delivered, exhibited, or disclosed to the following persons:

(a) the Court and Court personnel as allowed or directed by the Court, as well as any mediator or settlement judge that may by retained by the parties or assigned by the Court;

(b) the parties and their employees or agents who have a need to know of such information;

(c) attorneys for the parties, including in-house attorneys, and those attorneys' respective employees and agents as necessary for the preparation of this action for trial;

(d) certified court reporters and videographers transcribing or filming depositions or testimony involving such Confidential Information;

(e) experts or consultants of a party, provided the requirements of Paragraphs 6 and 7 of this Protective Order are met; and

(f) a non-party witness who may be examined and may testify concerning such Confidential Information if it appears on its face or from other documents that the witness is the author or recipient of the Confidential Information.

6. <u>Disclosure Of Confidential Information To Experts And Consultants</u>.

(a) Before a receiving party discloses a conveying party's Confidential Information to any expert or consultant, the expert or consultant must certify that he or she has read this Protective Order and must sign a copy of the "Agreement to be Bound by Protective Order" attached as Exhibit "A." Once a person has executed the Agreement to be Bound by Protective Order, it shall not be necessary for that person to sign a separate agreement each time he or she is subsequently given access to Confidential Information. An expert or consultant who is shown Confidential Information may retain copies of the Confidential Information subject to the provisions of paragraph 7 below.

(b) The original, executed Agreement to be Bound by Protective Order signed by persons receiving Confidential Information pursuant to paragraph 6(a) shall be maintained by the attorney of record who obtained the agreement, and need not be produced to the conveying party during the litigation except as necessary in the case of a dispute concerning a violation of this Protective Order.

7. <u>Completion Of Litigation</u>. Upon the completion of all proceedings in this Action, including the expiration of all rights to judicial review, all Confidential Information shall either: (1) be tendered back to the person who produced it within thirty days of the completion of the litigation; or (2) destroyed. The parties are not required to return or destroy any pleadings, discovery requests, documents filed with the Court, or attorney work-product. The provisions of this Protective Order restricting the dissemination, exhibition, or other use of confidential Material shall continue to be binding on any person subject to the terms of this Protective Order after the conclusion of this Action.

8. <u>Right to Seek Relief From The Court.</u>  Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any party or person: (i) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected by work product or any applicable privilege, Material as to which the person or party claims a legal obligation not to disclose, or Material not required to be produced pursuant to governing laws and rules; (ii) to seek to modify or obtain relief from any aspect of this Protective Order; (iii) to object to the use, relevance, or admissibility at trial of any evidence, whether or not comprised of Confidential Information governed by this Protective Order; (iv) otherwise to require that discovery be conducted according to governing laws and rules; or (v) to oppose production of any information or any ground allowed under the Federal Rules of Civil Procedure, or any other state or federal law, rule, or regulation.

9. Each individual who receives any Confidential Information hereby agrees to subject himself or herself (a) to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order, and (b) to the applicable provisions of the Federal Rules of Civil Procedure for the purposes of all discovery, including depositions, in this matter.  A person with custody of Confidential Information shall maintain it in a manner that ensures that access to Confidential Information is strictly limited to persons entitled to receive Confidential Information in accordance with this Protective Order.

10. The confidentiality obligations of this Protective Order shall not apply, or shall cease to apply, to any information that

(a) At the time of disclosures hereunder, was already lawfully in the possession of the receiving party and was not acquired under any obligation of confidentiality; or

(b) At the time of disclosure hereunder was, or subsequently becomes, through no fault of the receiving party, a public document or publicly available.

11. In the event either party, or any of his or its attorneys or representatives, receives a subpoena or other process or order to produce Confidential Information in another action or proceeding, the party or his or its attorneys shall, no later than 14 days prior to compliance with the subpoena or other process or order, notify the attorneys of record for the other party and specify the

STIPULATION AND [PROPOSED] ORDER RE CONFIDENTIAL INFORMATION
CASE NO. C06-03425 SBA
wc-124967

5

1. information sought by the subpoena or other process or order.
2. 12. This Protective Order shall not abrogate or diminish any contractual, statutory, or
3. other legal obligation or right of any party or person with respect to any Confidential Information.
4. 13. Nothing in the provisions of this Protective Order shall prevent a conveying party
5. from using its own Confidential Information in any manner such conveying party desires.
6. 14. The designation of confidentiality is not admissible before any trier of fact.
7. This Protective Order need not be signed and entered by the Court in order to be effective; the
8. Stipulation shall be effective from the date executed by all counsel.

Dated: October 23, 2006      ROBERT A. NAEVE
                             STEVEN M. ZADRAVECZ
                             MORRISON & FOERSTER LLP


                             By: /s/ Kathryn M. Davis
                                     Kathryn M. Davis

                                 Attorneys for Defendant
                                 AVON PRODUCTS, INC.

Dated: October 23, 2006      JODY LEWITTER
                             SARA C. BEARD
                             SIEGEL & LEWITTER


                             By: /s/ Sarah C. Beard
                                     Sarah C. Beard

                                 Attorneys for Plaintiff
                                 ARNETT MOORE

**ORDER**

IT IS SO ORDERED:

DATED: __October 27___, 2006

                             _____
                             The Honorable
                             EDWARD M. CHEN, MAGISTRATE JUDGE

STIPULATION AND [PROPOSED] ORDER RE CONFIDENTIAL INFORMATION
CASE NO. C06-03425 SBA
wc-124967

6

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____ [print or type name], hereby acknowledges that he or she has received a copy of the Stipulation and Protective Order signed by the parties in connection with the action pending in the United States District Court, Northern District of California, entitled *Arnett Moore v. Avon Products, Inc., a New York corporation; and Does I through X*, Case No. C06-03425 SBA., has read it, understands the limitations it imposes on the use and disclosure of material or information designated as "Confidential Information," and agrees to be bound by all its provisions.

The undersigned understands that all Confidential Information as defined in this Stipulation and Protective Order, including without limitation, all copies thereof or notes made therefrom, shall be maintained in a secure manner and shall be destroyed or returned no later than 30 days after the completion of this litigation to the counsel for the party or other person who provided such Confidential Information.

Dated: _____

_____
(Signature)

Name:_____

Business Address:_____

_____

1  I, Kathryn M. Davis, am the ECF User whose ID and password are being used to file this
2  stipulation. In compliance with General Order 45, X.B., I hereby attest that Sarah C. Beard has
3  concurrent in this filing.

STIPULATION AND [PROPOSED] ORDER RE CONFIDENTIAL INFORMATION
CASE NO. C06-03425 SBA
wc-124967

8